NICHOLAS A. KAISER, respondent,

*v.*

MAZIE (MAY) KAISER, appellant.

[Argued May term, 1925.  Decided October 19th, 1925.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

"Petitioner originally charged his wife with the offense of desertion, which, by her answer, she denied, and by her counter-claim she charged him with constructive desertion, and also charged him with adultery alleged to have been committed with Caroline Burdick.  Petitioner thereupon amended his petition, charging that the defendant had committed adultery with one Michael Gelsimine, during the months of October, November and December, 1922.  Gelsimine, who intervened as a party to the suit, filed an answer denying the petitioner's charge of adultery, and Mrs. Kaiser filed an answer containing a similar denial.

 "The jurisdictional facts of the marriage and residence of the parties have been duly established.  The parties separated on the 4th of September, 1921, and the clear preponderance of the proof establishes the truth of petitioner's charge that his wife deserted him on that date, and the petitioner's

further charge that Mrs. Kaiser committed adultery with the co-respondent, Michael Gelsimine, is further established to my satisfaction by a clear preponderance of the proof, which shows that they lived together at the home of Mr. and Mrs. Jackson, from about the middle of October, 1922, until December 7th, 1922, when, because of a quarrel between Mr. and Mrs. Jackson, she left the home, and no further proof is offered of the relations between Gelsimine and Mrs. Kaiser after that date.

"It appears from the proofs that Mrs. Kaiser lived at the Jackson house under the name of Miss Jackson. That within a few days after taking up her residence with the Jacksons she bought a double bed from Kirch, and it further appears that shortly thereafter Gelsimine took up his residence there, if not continuously, at least for a large portion of the two and a half months above mentioned. There is some proof that during that period he also kept up his residence with Mrs. Summers, with whom, apparently, he is now residing, and with whom, prior to the fall of 1922, he had boarded or roomed. Gelsimine denies having lived at the Jackson home, but his denial is completely overcome by the testimony of witnesses that they saw him there on several occasions when he seemed to be in control of the household, and quieted a noisy party that was held there on a Hallowe'en, and that he was seen by another resident in the apartment-house, in the house at late hours of the night, or early hours of the morning, attending to the furnace. It is also significant that while in 1923 he voted from Mrs. Summers' residence, in 1922, when he is said to have been living with Mrs. Kaiser, he voted from police headquarters in Maplewood, and no explanation whatever is offered to account for his failure to vote from his alleged place of residence with Mrs. Summers.

"Aside from the testimony of Gelsimine, Mrs. Kaiser is without any corroboration on her charge of desertion, and aside from the testimony of a drunken police officer, who was under the command of Gelsimine, and the driver of a taxicab, there is not the slightest evidence to show any improper rela-

tion existing between petitioner and Mrs. Burdick. The testimony of the drunken officer and the taxicab driver is to the effect that at a party in petitioner's home, or rather in the home of his brother, that petitioner, at a late hour of the night, or early in the morning, left the company and retired to a room, presumably a bedroom, with Mrs. Burdick, and was not seen again by these two men. This testimony is contradicted by a number of people who were present at the party, and who testify that the officer, Vogel, was in such a drunken condition that he became ill, and, apparently, was incapable of observing or understanding anything that took place at the party. I find no proof of any kind that will satisfactorily establish any improper relations existing between the petitioner and Mrs. Burdick, and certainly none of adultery committed by them at the times charged in the counter-claim, or at any other time. I will therefore advise that the counter-claim for desertion and adultery be dismissed, and that petitioner be granted a decree on the grounds of both desertion and adultery."

*Mr. Douglass R. Todd,* for the appellant.

*Mr. Theodore G. Hinderlang,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.